JUSTICE BAKER,
concurring.
¶22 The Court properly concludes that, under the unique facts of this case, the Department misapplied its rule in deeming Mielke to have been laid off when her contract with SC&F expired. The rule requires the Department to “impute the reason for separation from work” in different ways, depending on the circumstances of the separation and the nature of the employment relationship. Admin. R. M. 24.11.454A(3), (4), (6). Thus, if a worker gives notice of intent to leave work, the Department considers the worker to have left voluntarily if *289 the “worker’s notice of intent to leave work is valid.” Admin. R. M. 24.11.454A(3)(a). On the other hand, where the employment constitutes “work of limited duration,” the Department considers the worker to have been laid off at the end of the agreed-upon duration “specified by the employer.” Admin. R. M. 24.11.454A(6)(a). Since the parties here entered into a contract for a specified term, the Department urges the Court to apply only subsection (6) of the rule. ¶23 Under the rule, a “valid notice” means “a formal, unconditional, specific communication between an individual worker and an employer ... that provides notice of the date a worker intends to leave work voluntarily (quit)[.]” Admin. R. M. 24.11.454A(1). Neither the Hearing Officer nor the Board of Labor Appeals made any finding that Mielke’s notice of intent to leave work was anything but a valid notice. The Department cannot apply subsection (6) in a vacuum when an employee has given valid notice of her intent to quit.
¶24 The holding in this case should not, however, be seen to undermine the Department’s legitimate interest, consistent with the unemployment benefits statutes, in extending benefits to a worker who leaves at the end of a fixed contract period and is subsequently laid off by another employer. The employer who enjoys the benefits that accompany short-term employment contracts should not be able to escape responsibility for the safety net offered by unemployment insurance by unilaterally changing the terms and conditions of the contract and then arguing the employee was not laid off when she refused to accept them.